

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7323 | **DATE** | 3/12/2004 |
| **CASE TITLE** | Cheryl Morgan vs. Centers for New Horizons, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: New Horizon's Motion to Dismiss is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 15 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 1 2 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

CHERYL MORGAN,

    Plaintiff,

v.

CENTERS FOR NEW HORIZONS, INC.,

    Defendant.

Case No. 03 C 7323

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Cheryl Morgan ("Morgan") filed a complaint of employment discrimination against Defendant Centers for New Horizons, Inc. ("New Horizons"), asserting that New Horizons failed to promote, "harassed and belittled," and terminated Morgan on the basis of her color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. New Horizons moves to dismiss Morgan's complaint on the grounds that the claims raised in the complaint were not raised in Morgan's EEOC charge, and that Morgan fails to state a claim under 42 U.S.C. § 1981. For the following reasons, New Horizons's Motion to Dismiss is granted.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has properly stated a claim, upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974). In ruling on a motion to dismiss, a court must construe all well-pled allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## **DISCUSSION**

New Horizons argues that Morgan's complaint cannot stand because it is comprised solely of allegations that were not part of the EEOC charge that Morgan filed. The general rule is that a Title VII plaintiff cannot raise claims in a complaint that were not included in the governing EEOC charge. *See Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The purpose of this rule is to provide the EEOC and the employer with the opportunity to settle disputes through conciliation, as well as to provide the employer with notice of the employee's grievances. *See id.* "Nevertheless, because most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Id.*, citing *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1995).

Instead, a plaintiff's complaint will survive so long as the claims in the complaint are (1) "like or reasonably related to" those in the EEOC charge and (2) reasonably expected to grow out of an EEOC investigation of the allegations in the charge. *See id.; Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). Claims are "like" if there is a factual relationship between them, meaning that, at a minimum, the complaint must "describe the *same conduct* and implicate the *same individuals*" as the EEOC charge. *See Cheek*, 31 F.3d at 501 (emphasis in original). In addition, the claims in an EEOC charge must encompass similar time periods as those in the complaint. *See Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989).

Here, Morgan's EEOC charge was fairly terse:

> I have been employed by the Respondent [New Horizons] since September 10, 1996 as an Assistant Teacher. On April 2, 2003, I was suspended. I believe I have been discriminated against on the basis of my color, light-complected, in violation of Title VII of the Civil Rights Act of 1964, as amended.

A fair reading of this charge indicates that Morgan was complaining only of the discrete act of the April 2, 2003 suspension as a basis for discrimination. Morgan's complaint, however, makes no mention of the April 2, 2003 suspension (or any other suspension). Instead, Morgan alleges in her complaint that New Horizons failed to promote her, "harassed and belittled" her in public, "failed to turn in [sic] doctor's statement to justify time off," and finally

- 3 -

terminated her. Morgan left blank the section of the complaint requesting documentation of the "facts supporting the plaintiff's claim of discrimination." (Morgan's complaint relies on a pre-printed form that allows *pro se* plaintiffs to check boxes and enter specific information relating to questions geared toward employment discrimination claims.)

The issue that arises here is whether Morgan's EEOC charge pertaining to a discriminatory suspension encompasses her subsequent claims of harassment, failure to promote, and termination, as alleged in her complaint. Seventh Circuit authority is not favorable to Morgan's position. For instance, in *Conley v. Village of Bedford Park*, the Seventh Circuit held that allegations of discriminatory suspension were not "like or reasonably related to" EEOC charges pertaining to other discriminatory employment actions, such as unpleasant job assignments and failure to promote. *See Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000). The Court noted that a "suspension is a discrete action, taken at a definite time, in response to [plaintiff's] alleged failure to report for work in a timely manner" and that "although all of these actions implicate conduct by [Defendant], they are not related in any other way." *See id.* Similarly, in the absence of a clear factual linkage, harassment allegations are "not like or reasonably related to" claims of disparate treatment or other forms of discrimination.

*See, e.g., Cheek*, 31 F.3d at 501-02; *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000).

Here, Morgan's EEOC charge is limited to a discrete act of purported discriminatory suspension, and the controlling case law indicates that this is insufficient to encompass the additional allegations in the complaint that go well beyond the claims in the EEOC charge. In addition, Morgan chose to not provide any factual support for the additional claims of discrimination in her complaint, and thus has failed to provide any potential factual linkage between her purported discriminatory suspension and the claims in her complaint. Nor has Morgan provided any argument to connect these separate claims.

Instead, Morgan argues that the EEOC "failed to investigate thoroughly," and presumably asserts this as a basis for allowing the additional discrimination claims in her complaint to stand. It is true that in certain limited circumstances a court may look beyond the four corners of the EEOC charge and consider additional allegations, but only when it is clear that the charging party intended that the EEOC investigate the allegations. *See Vela*, 218 F.3d at 664 (citing cases); *Cheek*, 31 F.3d at 502. For instance, where a charging party files a sworn affidavit (or other written instrument) with the EEOC that effectively amends the EEOC charge, a court may allow such allegations to be included in the complaint. *See id.* Here, however, Morgan makes no showing that she attempted

- 5 -

to amend the EEOC charge, but rather expresses only dissatisfaction with the EEOC's investigatory process. This alone cannot revive the claims in her complaint. *See id.*

New Horizons raises a final argument that can be quickly addressed. Specifically, New Horizons contends that Morgan's claims cannot fall under 42. U.S.C. § 1981 ("Section 1981"), which New Horizons argues is the "only other employment discrimination statute which could even conceivably cover plaintiff's claims," because Section 1981 does not cover the type of intra-racial color discrimination alleged here between "light-complected" and "dark-complected" African-Americans. New Horizons advances this argument because Morgan's complaint does not clearly indicate under which statutes she is alleging her cause of action. (Morgan failed to check any of the boxes in her complaint indicating the type of discrimination alleged and the statutory basis.) In response to New Horizons's Motion to Dismiss, Morgan does not state that she is asserting any claims under Section 1981, nor does she offer any argument that any of her claims fit under Section 1981. Thus, Morgan has waived these issues. *See Laborers' Int'l Union of North America v. Caruso*, 197 F. 3d 1195, 1197 (7th Cir. 1999). Accordingly, the Court need not reach the issue of whether Morgan's claims could fall under Section 1981.

The Court recognizes that pleadings by *pro se* plaintiffs are to be liberally construed and should not be held to the stringent

standards of lawyers. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); *cf. McNeil v. United States*, 508 U.S. 106, 113 (1993)(holding that procedural rules pertaining to exhaustion of administrative remedies should be applied to *pro se* plaintiffs). Even under the relaxed standards governing *pro se* pleadings, however, Morgan has failed to provide any basis upon which to connect the claim in her EEOC charge with the apparently newfound claims in her complaint. The controlling authority in this circuit makes clear that her complaint must therefore be dismissed.

## CONCLUSION

For the reasons stated herein, New Horizons's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: March 12, 2004